**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __**11**__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Teligent, Inc.** |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **IGI Laboratories, Inc.** |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **01-0355758** |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **33 Wood Ave., 7th Floor**<br>**Iselin, NJ 08830**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Middlesex**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **https://www.teligent.com/** |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor    **Teligent, Inc.**
_____        Case number (if known) _____
Name

**7.** **Describe debtor's business**        A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3254__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**        *Check one:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
|----------|---------|------|---------|-------------|---------|
| District | _____ | When | _____ | Case number | _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Rider 1** | | Relationship | _____ |
|--------|-----------------|---|--------------|---------|
| District | _____ | When | _____ | Case number, if known | _____ |

26701323.1

Debtor    **Teligent, Inc.**

Name

Case number *(if known)* _____

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

Contact name   _____

Phone   _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated Assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐  $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Teligent, Inc.** | Case number (*if known*) | |
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **10/14/2021**
              MM / DD / YYYY

**X** */s/ Vladimir Kasparov*                                    **Vladimir Kasparov**
Signature of authorized representative of debtor              Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

**X** */s/ Michael R. Nestor*                         Date **10/14/2021**
Signature of attorney for debtor                           MM / DD / YYYY

**Michael R. Nestor**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square, 1000 North King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-571-6600**          Email address   **mnestor@ycst.com**

**3526**
Bar number and State

---

## RIDER 1

### Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.  Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Teligent, Inc. | 01-0355758 |
| Igen, Inc. | 51-0297443 |
| Teligent Pharma, Inc. | 52-1521639 |
| TELIP LLC | 87-1228395 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TELIGENT, INC., *et al.*,[1] | Case No. 21-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-08568.

2. The following financial data is the latest available information and refers to the debtor's condition as of the dates noted in the comments below.

   a.  Total assets                                                                    $84,996,000

   b.  Total debts (including debts listed in 2.c., below)          $135,776,000

   c.  Debt securities held by more than 500 holders:              N/A

   d.  Number of shares of preferred stock                              85,412

   e.  Number of shares of common stock                                92,825,328

Comments, if any:     Total assets and total debts are listed as set forth in the Debtors' (as defined below) unaudited consolidated financial statements for the fiscal period ended August 31, 2021.  Shares of preferred stock listed above are those outstanding as of October 1, 2021.  To the Debtor's knowledge, the shares of common stock listed above are those outstanding as of October 1, 2021.

3. Brief description of debtor's business:     Teligent, Inc. and its affiliates (collectively, the "Debtors") develop, manufacture, and market specialty generic pharmaceutical products for use by doctors and patients in the United States and Canada.  The Debtors manufacture and sell topical prescription pharmaceutical products in the United States.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:     N/A

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Teligent, Inc. (5758); Igen, Inc. (7443); Teligent Pharma, Inc. (1639); and TELIP LLC (8395).  The Debtors' corporate headquarters is located at 33 Wood Avenue, 7th Floor, Iselin, New Jersey 08830.

**UNANIMOUS WRITTEN CONSENT**
**OF THE**
**BOARD OF DIRECTORS OF**
**TELIGENT, INC.**

October 14, 2021

THE UNDERSIGNED, being all of the members of the Board of Directors (the "Board") of Teligent, Inc., a Delaware corporation (the "Company"), hereby consent that the actions recited herein shall be deemed the actions of the Board with the same effect as if taken at a duly noticed and called meeting of the Board, and direct that this writing be filed with the minutes of proceedings of the Board—all pursuant to the provisions of Section 141(f) of the General Corporation Law of the State of Delaware as of the date set forth above:

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, credit market conditions, and macroeconomic conditions impacting the Company; and

WHEREAS, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**NOW, THEREFORE, BE IT:**

**Commencement and Prosecution of Bankruptcy Case**

RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a voluntary petition (the "Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company commencing a case (the "Bankruptcy Case") under the provisions of the Bankruptcy Code; and it is further

RESOLVED, that the filing of a voluntary petition on behalf of the Company be, and the same hereby is, approved and adopted in all respects and that any officer of the Company, including the CRO (each, an "Officer" and collectively, the "Officers"), be, and each hereby is, authorized and empowered on behalf of each Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Officer may determine; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized to (a) execute and file all petitions, schedules of assets and liabilities, statements of financial affairs, lists, and other papers to take any and all related actions that such Officers may deem necessary or proper in connection with the Bankruptcy Case; (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petition and to administer the Company's Bankruptcy Case in such form or forms as such Officer may deem necessary or proper and in order to effectuate the foregoing resolutions; and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts as such Officer deems necessary or proper to accomplish the purposes of the resolutions; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Officer performing or executing the same shall approve, and the performance or execution thereof by such Officer shall be conclusive evidence of the approval thereof by such Officer and by the Company; and it is further

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Officers, shall be necessary, proper, or desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form, or structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that in connection with the commencement of Bankruptcy Case by the Company and certain affiliates of the Company, any Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Company's bankruptcy case, which agreement(s) may require the Company to acknowledge the debt and liens of existing

loans, grant liens, and pay interest to the Company's existing lender(s); and in connection therewith, any Officer is hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

**RESOLVED**, that in connection with the commencement of Bankruptcy Case by the Company and certain affiliates of the Company, any Officer shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, and obtain post-petition financing, including under debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing; and in connection therewith, any Officer is hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further

## Retention of Professionals

**RESOLVED**, that the engagement of the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") is hereby authorized and approved and Young Conaway be, and hereby is, authorized, directed, and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

**RESOLVED**, that the engagement of the law firm of K&L Gates LLP ("K&L Gates") is hereby authorized and approved and K&L Gates be, and hereby is, authorized, directed, and empowered to represent the Company as special corporate counsel in connection with corporate law and transactional issues and related matters in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of K&L Gates; and it is further

**RESOLVED**, that the engagement of Portage Point Partners, LLC ("PPP") to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case is hereby authorized and approved; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of PPP; and it is further

**RESOLVED**, that the engagement of Raymond James & Associates, Inc. ("Raymond James") is hereby authorized and approved and Raymond James be, and hereby is, authorized, directed, and empowered to serve as investment banker to represent and assist the Company in connection with the sale of the Company's assets and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Raymond James;

**RESOLVED**, that the engagement of Epiq Corporate Restructuring, LLC ("Epiq") is hereby authorized and approved and Epiq be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Epiq;

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention

agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of such individual or firms;

## Sale

**RESOLVED**, that the Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to commence the marketing for sale of the Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to section 363 of the Bankruptcy Code or otherwise, in each case subject to further authorization of the Board of any such sale;

## General Resolutions

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports, and documents executed, delivered, or filed through the date hereof, by any Officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken; and

**RESOLVED**, that facsimile, .pdf copies, or other electronic forms of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

*[Signature page follows]*

27435227.4

**IN WITNESS WHEREOF**, the undersigned members of the Board hereby execute this Written Consent as of the date first above written.

DIRECTORS:

_Carole Ben-Maimon_
_____
Carole Ben-Maimon, M.D.


_____
John Celentano, Chairman


_____
Thomas J. Sabatino Jr.


_____
Bradley Scher

**IN WITNESS WHEREOF**, the undersigned members of the Board hereby execute this Written Consent as of the date first above written.

DIRECTORS:

_____
Carole Ben-Maimon, M.D.

_____
John Celentano, Chairman

_____
Thomas J. Sabatino Jr.

_____
Bradley Scher

**IN WITNESS WHEREOF,** the undersigned members of the Board hereby execute this Written Consent as of the date first above written.

DIRECTORS:

_____
Carole Ben-Maimon, M.D.


_____
John Celentano, Chairman


_____
Thomas J. Sabatino Jr.


_____
Bradley Scher

**IN WITNESS WHEREOF**, the undersigned members of the Board hereby execute this Written Consent as of the date first above written.

DIRECTORS:

_____
Carole Ben-Maimon, M.D.


_____
John Celentano, Chairman


_____
Thomas J. Sabatino Jr.


_____
Bradley Scher

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Teligent, Inc. |
| United States Bankruptcy Court for the:    District of Delaware |
| Case Number (If known): |

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | AMERISOURCE BERGEN CORPORATION 1300 MORRIS DRIVE CHESTERBROOK, PA  19087 | ELIZABETH.CAMPBELL@AME RISOURCEBERGEN.COM | CUSTOMER REBATES/FEES | | | | $8,285,707.03 |
| 2 | FDA - OFFICE OF GENERIC DRUGS 1350 PICARD DR. ROCKVILLE, MD  20850 | DRUGINFO@FDA.HHS.GOV | REGULATORY FEE | | | | $1,737,414.00 |
| 3 | MCKESSON CORPORATION 6535 N. STATE HIGHWAY 161 IRVING, TX  75039 | BEN.CARLSEN@MCKESSON.C OM | CUSTOMER REBATES/FEES | | | | $1,458,492.51 |
| 4 | CARDINAL HEALTH, INC. 7000 CARDINAL PLACE DUBLIN, OH  43017 | GMB-FSSW-PD-SUPPLIER@CARDINALHEALT H.COM | CUSTOMER REBATES/FEES | | | | $1,014,474.07 |
| 5 | CVS PHARMACY, INC. ONE CVS DRIVE WOONSOCKET, RI  02895 | CHARLES.ARAGON@REDOAK SOURCING.COM | CUSTOMER REBATES/FEES | | | | $627,142.73 |
| 6 | EVERSANA LIFE SCIENCE SERVICES, LLC 24740 NETWORK PLACE CHICAGO, IL  60673-1247 | AR@EVERSANA.COM | TRADE PAYABLE | | | | $444,953.77 |
| 7 | WALGREENS COMPANY 62869 COLLECTIONS CENTRE DRIVE CHICAGO, IL  60693-0628 | DANIELLE.GRAY@WBADDEV. COM | CUSTOMER REBATES/FEES | | | | $244,648.04 |
| 8 | BERLIN PACKAGING LLC P.O. BOX 74007164 CHICAGO, IL  60674-7164 | KRYSTEL.VEILLEUX@BERLINP ACKAGING.COM | TRADE PAYABLE | | | | $229,864.70 |
| 9 | CONSUMER PRODUCT TESTING CO. 70 NEW DUTCH LANE FAIRFIELD, NJ  07004 | NRAMIREZ@CPTLABS.COM | TRADE PAYABLE | | | | $197,826.50 |

**Debtor:** Teligent, Inc.

**Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 SINTETICA S.A. 452 LOCK AVENUE GIBBSTOWN, NJ 08027 | MTOURE@SINTETICA.COM | TRADE PAYABLE | | | | $183,874.80 |
| 11 RHO INC 507 OMNI DRIVE HILLSBOROUGH, NJ 08844 | RHOFINANCE@RHO-INC.COM | CONTRACTORS / TEMPORARY LABOR | | | | $170,709.46 |
| 12 ATLANTIC CITY ELECTRIC P.O. BOX 17006 WILMINGTON, DE 19850-7006 | KAST-NORTH@PEPCOHOLDINGS.COM | UTILITY | | | | $149,753.77 |
| 13 MEDIX STAFFING SOLUTION, INC 222 S. RIVERSIDE PLAZA SUITE 2120 CHICAGO, IL 60606 | BILLING@MEDIXTEAM.COM | TRADE PAYABLE | | | | $106,321.55 |
| 14 THE TRAINING CENTER GROUP, LLC 113 MONMOUTH RD, SUITE 1 WRIGHTSTOWN, NJ 08562 | DAN@THETRAININGCENTER.COM | FACILITY MANAGEMENT | | | | $103,406.80 |
| 15 YORK INTERNATIONAL AGENCY, LLC 500 MAMARONECK AVENUE, SUITE 220 HARRISON, NY 10528 | INFO@YORKINTL.COM | INSURANCE | | | | $100,950.50 |
| 16 PWC ADVISORY SERVICES LLC 300 MADISON AVE NEW YORK, NY 10017 | DINKAR.SARAN@PWC.COM | PROFESSIONAL PAYABLE | | | | $95,000.00 |
| 17 OPTISOURCE, LLC 860 BLUE GENTIAN ROAD, SUITE 330 EAGAN, MN 55121 | JIM@OPTISOURCEGROUP.COM | TRADE PAYABLE | | | | $94,354.50 |
| 18 ANDLER SOUTH CORPORATION P.O. BOX 499125 EVERETT, MA 02149 | CANDIS.CAPOLINGUA@ANDLER.COM | TRADE PAYABLE | | | | $94,210.33 |
| 19 CHEMWERTH USA 1764 LITCHFIELD TURNPIKE WOODBRIDGE, CT 06525 | JENNIFER.GRANDPRE@CHEMWERTH.COM | TRADE PAYABLE | | | | $90,000.00 |
| 20 AGILITY TECHNOLOGIES GROUP 3601 MARKET ST, UNIT 2902 PHILADELPHIA, PA 19104 | BMCDONALD@AGILITYMSP.COM | TRADE PAYABLE | | | | $85,407.95 |
| 21 OXFORD GLOBAL RESOURCES, LLC PO BOX 3256 BOSTON, MA 02241-3256 | EMILY_SEITZ@OXFORDCORP.COM | CONTRACTORS / TEMPORARY LABOR | | | | $83,603.16 |
| 22 BUENA VISTA TOWNSHIP TAX COLLECTOR PO BOX 6026 ORANGE, CA 92863 | KMERLINO@BUENAVISTANJ.COM | TAX | | | | $76,268.57 |
| 23 BROADRIDGE ICS P.O. BOX 416423 BOSTON, MA 02241-6423 | FRED.WENZE@BROADRIDGE.COM | PUBLIC COMPANY COSTS | | | | $68,647.58 |
| 24 CINTAS CORPORATION P.O. BOX 630803 CINCINATTI, OH 45263-0803 | LUDYD@CINTAS.COM | TRADE PAYABLE | | | | $66,040.51 |
| 25 THE HACKETT GROUP, INC. PO BOX 741197 ATLANTA, GA 30374-1197 | TBEERS@ANSWERTHINK.COM | TRADE PAYABLE | | | | $64,988.04 |

Debtor: Teligent, Inc.

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26  LYNEER STAFFING SOLUTIONS, LLC PO BOX 75414 CHICAGO, IL  60675-5414 | JQUARTIN@LYNEER.COM | CONTRACTORS / TEMPORARY LABOR | | | | $63,821.73 |
| 27  STERINOVA INC 3005, AVENUE JOSE-MARIA-ROSSELL SAINT-HYACINTHE, QUEBEC, QUEBEC  J2S 0J9 CANADA | INFO@STERINOVA.COM | EUROPEAN CMO | | | | $56,371.20 |
| 28  FLAVINE NORTH AMERICA, INC. 61 SOUTH PARAMUS ROAD, SUITE 565 PARAMUS, NJ  07652 | ARDA.GARABED@FLAVINE.COM | TRADE PAYABLE | | | | $52,080.00 |
| 29  GRASSI & CO. 488 MADISON AVENUE, 21ST FLOOR NEW YORK, NY  10022 | MDEROSA@GRASSICPAS.COM | PROFESSIONAL PAYABLE | | | | $51,125.00 |
| 30  QUALITY BY DESIGN, LLC 12401 N WILDFLOWER LANE HIGHLAND, UT  84003 | DRLITTLE@THOMASLITTLECONSULTING.COM | CONTRACTORS / TEMPORARY LABOR | | | | $51,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| TELIGENT, INC., *et al.*,[1] | Case No. 21-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state

as follows:

1.     A list of Debtor Teligent, Inc.'s equity interest holders, their addresses, and the nature of their equity interests is attached hereto as **Exhibit A**.

2.     Debtor Igen, Inc., whose address is 33 Wood Avenue, 7th Floor, Iselin, New Jersey 08830, is 100% owned by Debtor Teligent, Inc., whose address is also 33 Wood Avenue, 7th Floor, Iselin, New Jersey 08830.

      a.     Debtor Teligent Pharma, Inc., whose address is 33 Wood Avenue, 7th Floor, Iselin, New Jersey 08830, is 100% owned by Debtor Igen, Inc.

           i.     Debtor TELIP LLC, whose address is 33 Wood Avenue, 7th Floor, Iselin, New Jersey 08830, is 100% owned by Debtor Teligent Pharma, Inc.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Teligent, Inc. (5758); Igen, Inc. (7443); Teligent Pharma, Inc. (1639); and TELIP LLC (8395).  The Debtors' corporate headquarters is located at 33 Wood Avenue, 7th Floor, Iselin, New Jersey 08830.

## Exhibit A

## List of Teligent, Inc.'s Equity Interest Holders

26701336.4

## List of Teligent, Inc.'s Equity Interest Holders[1]

| Common Stock | | | |
|---|---|---|---|
| **Debtor** | **Equity Holder** | **Address** | **Percentage of Equity Held** |
| Teligent, Inc. | Cede & Co. (Fast Account) | P.O. Box 20 Bowling Green Station New York, NY 10004 | 99.5% |
| Series D Convertible Preferred Shares | | | |
| **Debtor** | **Equity Holder** | **Address** | **Percentage of Equity Held** |
| Teligent, Inc. | Ares Capital Corporation | 2000 Avenue of the Stars 12th Floor Los Angeles, CA 90067 | 91% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name    **Teligent, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement and List of Equity Interest Holders Pursuant to Fed. R. Bankr. P. 1007(a)(1), 1007(a)(3), and 7007.1**

☒ Other document that requires a declaration    **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/14/2021**         X   */s/ Vladimir Kasparov*
                                                    Signature of individual signing on behalf of debtor

                                                    **Vladimir Kasparov**
                                                    Printed name

                                                    **Chief Restructuring Officer**
                                                    Position or relationship to debtor

---

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**