IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VJGJ, INC., *et al.*,[1] | Case No. 21-11332 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 664** |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF THE BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; (IV) SHORTENING THE (A) NOTICE PERIOD FOR PARTIES TO OBJECT TO CONFIRMATION OF THE PLAN, AND (B) NOTICE OF THE CONFIRMATION HEARING; AND (V) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1. ***Approval of the Disclosure Statement.*** Following a hearing held on April 27, 2022 (the "Disclosure Statement Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the above-captioned chapter 11 cases of VJGJ, Inc. and its debtor affiliates (the "Debtors"), entered an order [Docket No. 664] (the "Disclosure Statement Order") approving the *Disclosure Statement for the First Amended Joint Chapter 11 Plan of VJGJ, Inc. and Its Debtor Affiliates*, dated as of April 27, 2022 and attached as Exhibit 1 to the Disclosure Statement Order (as amended, modified or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtors to solicit votes to accept or reject the *First Amended Joint Chapter 11 Plan of VJGJ, Inc. and Its Debtor Affiliates*, dated as of April 27, 2022 (as amended, modified or supplemented from time to time, the "Plan"), annexed as Exhibit A to the Disclosure Statement. Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Plan.

2. ***Classification of Claims and Interests under the Plan.*** The classification and treatment of Claims and Interests under the Plan is described generally below:

| **Class** | **Claim or Interest** | **Summary of Treatment** | **Projected Recovery Under Plan** |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired<br>***Deemed to Accept Plan*** | 100% |
| 2 | Priority Non-Tax Claims | Unimpaired<br>***Deemed to Accept Plan*** | 100% |
| 3 | Prepetition First Lien Credit Agreement Claims | Unimpaired<br>***Deemed to Accept Plan*** | 100% |
| 4 | Prepetition Second Lien Credit Agreement Claims | Impaired | 36% |
| 5 | General Unsecured Claims | Impaired<br>***Entitled to Vote on Plan*** | 11% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: VJGJ, Inc. (5758); WRCC, Inc. (7443); OSL, Inc. (1639); and TNova, LLC (8395). The Debtors' mailing address is: c/o Portage Point Partners LLC, 300 North LaSalle Drive, #1420, Chicago, Illinois 60654.

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 6 | Intercompany Claims | Impaired<br>***Deemed to Reject Plan*** | 0% |
| 7 | Interests | Impaired<br>***Deemed to Reject Plan*** | 0% |

3. *Deadline for Voting on the Plan.* The Court has established **May 20, 2022 at 5:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots, including Master Ballots but excluding Class 4 Lender Ballots (which Class 4 Lender Ballots must be received by the Administrative Agent on or before the submission deadline imposed by the Administrative Agent), accepting or rejecting the Plan must be received. Only Holders of Claims in Class 4 (Prepetition Second Line Credit Agreement Claims) and Class 5 (Allowed General Unsecured Claims) under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes. To be counted, Ballots, including Master Ballots but excluding Class 4 Lender Ballots (which Class 4 Lender Ballots must be sent to the Administrative Agent and will be accepted by the Administrative Agent as provided for in the instructions accompanying such Class 4 Lender Ballots), must be properly executed, completed, and delivered to the Voting Agent at the address provided for herein, submitted via the E-Ballot Portal (as defined below), or via email with respect to a Master Ballot, so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors. Ballots will be accepted in paper form, or submitted electronically, via the E-Ballot Portal, by delivering the Ballot by first-class mail postage prepaid, personal delivery or overnight courier to the Voting Agent at:

**If by First-Class Mail:**
VJGJ, Inc.
Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4422
Beaverton, OR 97076-4422

**If by Hand Delivery or Overnight Mail:**
VJGJ, Inc.
Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Ballots may also be submitted via an electronic Ballot through the Voting Agent's on-line electronic Ballot submission portal at https://dm.epiq11.com/vjgj (the "E-Ballot Portal") by no later than the Voting Deadline. The Voting Agent's E-Ballot Portal is the sole manner in which Ballots (other than with respect to Master Ballots) will be accepted via electronic or online transmission. Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Ballots cast by facsimile, e-mail or other electronic transmission, except through the E-Ballot Portal, and with respect to Master Ballots, via e-mail, will not be counted.

4. Holders of Unimpaired Claims under the Plan (i.e., Class 1 Allowed Other Secured Claims, Class 2 Allowed Priority Claims, and Class 3 Allowed Prepetition First Lien Credit Agreement Claims) and Classes that are deemed to reject the Plan (i.e., Class 6 Intercompany Claims and Class 7 Interests) are not entitled to vote on the Plan.

5. *Confirmation Hearing.* A hearing to consider the confirmation of the Plan and for such other and further relief as may be just or proper (the "Confirmation Hearing") will be held on **May 25, 2022 at 11:00 a.m. (ET)** before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801. The Confirmation Hearing may be continued by the Debtors from time to time without further notice to holders of Claims or Interests or other parties in interest other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court. The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice, prior to or as a

result of the Confirmation Hearing. If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

6. ***Deadline for Objections to Confirmation of the Plan.*** Objections, if any, to confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on May 20, 2022**: (i) counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com) and Shane M. Reil, Esq. (sreil@ycst.com); (ii) counsel for the Committee: (a) Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, P.O. Box 1266, Wilmington, DE 19899 (Attn: Monique B. DiSabatino, Esq. (monique.disabatino@saul.com)); and (b) Jenner & Block LLP, 353 N. Clark Street, Chicago, Illinois 60654 (Attn: Catherine L. Steege, Esq. (csteege@jenner.com) and Melissa M. Root, Esq. (mroot@jenner.com)); (iii) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov); (iv) counsel for the First Lien Agent for the Debtors' prepetition secured lenders: Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071 (Attn: Ted A. Dillman, Esq. (ted.dillman@lw.com) and Asif Attarwala, Esq. (asif.attarwala@lw.com)); (v) counsel for the Second Lien Agent for the Debtors' prepetition secured lenders: Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178 (Attn: Jennifer Feldsher, Esq. (jennifer.feldsher@morganlewis.com)); (vi) counsel for the DIP Agents: Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com)); and (vi) the Indenture Trustee for the Debtors' Series D zero-coupon convertible senior notes due 2023: Wilmington Savings Fund Society, FSB, WSFS Bank Center, 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801 (Attn: Geoffrey J. Lewis, Esq. (glewis@wsfsbank.com)).

7. ***Certain Voting Issues.*** Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before 4:00 p.m. (ET) on May 13, 2022**.

8. ***RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN. ARTICLE XI OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN. PLEASE NOTE, HOWEVER, THAT HOLDERS OF CLAIMS OR INTERESTS IN CLASSES 6 AND 7 ARE NOT BOUND BY THE RELEASES SET FORTH IN SECTION 11.11(b) OF THE PLAN.***

9. *The release in Section 11.11(b) of the Plan (the "<u>Claim Holder Release</u>") binds the "Releasing Parties," which the Plan defines as follows: Each of (a) the Debtors' current officers, directors or LLC managers; (b) the DIP Parties; (c) the Prepetition Secured Parties; (d) Timothy Sawyer, the Debtors' former Chief Executive Officer; (e) Philip Yachmetz, the Debtors' former Chief Legal Officer; (f) the present and former members of the Committee, in each case (a) through (f) in their capacity as such; (g) all Holders of Claims deemed hereunder to have accepted the Plan (i.e., Holders of Claims in Unimpaired Classes of Claims) that have not Filed an objection to the release in Section 11.11(b) of the Plan prior to the deadline to object to Confirmation of the Plan; (h) Holders of Claims in Class 4; and (i) all Holders of Claims in Class 5 that (i) vote to accept or reject the Plan and do not timely submit a Release Opt-Out, or (ii) do not vote to accept or reject the Plan, <u>and</u> either do not timely submit a Release Opt-Out, <u>or</u> do not File an objection to the releases in Section 11.11(b) of the Plan prior to the deadline to object to Confirmation of the Plan; provided, however, that Holders of Claims in Class 5 whose Ballots are returned to the Debtor or its agent as undeliverable as set forth in a notice Filed with the Bankruptcy Court by the Debtors or the Plan Administrator within five (5) business days of the Effective Date, or to whom the Debtor or its agent did not mail a Ballot, shall not be deemed to participate in or receive the releases set forth in Section 11.11(b) of the Plan.*

***The Claim Holder Release provides:***

***Releases by Holders of Claims**. As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, including, without limitation, the Ares Settlement, each of the Releasing Parties and their Related Parties claiming under or through them (in the case of the Related Parties, solely with respect to claims and Causes of Action held in their capacities as a Related Party of a Releasing Party) shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and fully forever, released, remised, acquitted and discharged the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party or their Related Parties claiming under or through them (in the case of the Related Parties, solely with respect to claims and Causes of Action held in their capacities as a Related Party of a Releasing Party) would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Plan, the Disclosure Statement, the DIP Documents, the Prepetition First Lien Credit Documents, the Prepetition Second Lien Credit Documents, or any, instruments or other documents in the Chapter 11 Cases; provided, however, that nothing herein shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan or other rights set forth in the Plan or the Confirmation Order; provided further, however, that the foregoing provisions of this release in Section 11.11(b) of the Plan shall not operate to waive, release or otherwise impair the rights of Creditors with valid setoff, subrogation, or recoupment rights against the Debtors and such Creditors shall be permitted to exercise such rights, as provided in the Plan, notwithstanding any applicability of the automatic stay under section 362 of the Bankruptcy Code or any injunction imposed under the Plan or the Confirmation Order; and provided further, however, that the foregoing provisions of this release in Section 11.11(b) of the Plan shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction. For the avoidance of doubt, notwithstanding anything to the contrary herein, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' rights or claims against the Releasing Parties, including the Debtors' rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved (other than with respect to the DIP Parties and the Prepetition Secured Parties who are released under the Final DIP Order and the Plan). Notwithstanding any of the foregoing, nothing in this Section is intended to limit or otherwise modify any releases or waivers that are separately provided for in any other Final Order (including settlement or other agreements authorized thereby) of the Bankruptcy Court.*

*Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any Person under this Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan.*

*Notwithstanding anything to the contrary in the Plan, the United States is not a Releasing Party under the Plan and is not providing a release.*

*For the avoidance of doubt, direct claims of Related Parties (in their capacities as such) against the Released Parties are not being released pursuant to Section 11.11(b) of the Plan.*

4

10. *Additionally, Article XI of the Plan contains certain provisions regarding exculpation and injunctions. All parties are advised to read Article XI of the Plan carefully and consult with their own advisors with respect thereto. The text of the relevant provisions of Article XI of the Plan are as follows:*

> *Section 11.10. <u>Non-Discharge of the Debtors; Injunction</u>. In accordance with section 1141(d)(3) of the Bankruptcy Code, the Plan does not discharge the Debtors. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests. As such, no Person or Entity holding a Claim or Interest may receive any payment from, or seek recourse against, any Assets or property of the Debtors and the Estates or the Post-Effective Date Debtors other than Assets or property required to be distributed to that Person or Entity under the Plan. As of the Effective Date, all parties are precluded from asserting against any Assets or property of the Debtors, the Estates and the Post-Effective Date Debtors any Claims, rights, causes of action, liabilities or Interests based upon any act, omission, transaction or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.*
>
> *Except as otherwise expressly provided for in the Plan or the Confirmation Order, all Persons and Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, from:*
>
> *(a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Estates, the Post-Effective Date Debtors, their successors and assigns and any of their Assets and properties;*
>
> *(b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, the Estates, the Post-Effective Date Debtors, their successors and assigns and any of their Assets and properties;*
>
> *(c) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates, the Post-Effective Date Debtors, their successors and assigns and any of their Assets and properties; or*
>
> *(d) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim, Interest or cause of action released or settled hereunder.*
>
> *From and after the Effective Date, all Persons and Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Post-Effective Date Debtors, the Released Parties, their successors and assigns and any of their Assets and properties, any suit, action or other proceeding, on account of or respecting any claim, interest, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order.*
>
> *Notwithstanding the foregoing, upon the occurrence of the Effective Date, all Creditors with valid setoff, subrogation, or recoupment rights shall be permitted to exercise such rights notwithstanding any applicability of the automatic stay under section 362 of the Bankruptcy code or any injunction imposed under the Plan or the Confirmation Order. Any Creditor that exercises such rights of setoff, subrogation, or recoupment shall withdraw its proof of claim to the extent that the setoff, subrogation, or recoupment satisfies such Claim within 10 days of exercising its right to setoff, subrogation, or recoupment. Notwithstanding the foregoing, all rights, counter-claims, and defenses of the Debtors and Post-Effective Date Debtors with respect to any such setoff, subrogation, or recoupment rights are expressly preserved.*
>
> *Section 11.12. <u>Exculpation and Limitation of Liability</u>. On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person*

*or Entity, including, without limitation, to any Holder of a Claim or an Interest, for any act or omission taken on and after the Petition Date and prior to or on the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of the Plan, the Disclosure Statement, the Plan Administrator Agreement or any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Plan, or the administration of the Plan, or the Assets and property to be distributed under the Plan, and any other action taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date; provided, however, that the exculpation provisions of this Section 11.12 shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by such Exculpated Party, as determined by a Final Order. The Confirmation Order and the Plan shall serve as a permanent injunction against any Person or Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 11.12 of the Plan.*

***Copies of Documents.*** Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before May 13, 2022), and the Disclosure Statement Order are, or will be, available for review free of charge at https://dm.epiq11.com/vjgj, by clicking on the link on the left hand side of the page titled "Plan & Disclosure Statement." In addition, copies of the Plan are available upon written request to the Debtors' Voting Agent:

VJGJ, Inc.  
Ballot Processing Center  
c/o Epiq Corporate Restructuring, LLC  
10300 SW Allen Blvd.  
Beaverton, OR 97005

If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing or via telephone at: (800) 781-1016 (U.S./Canada) or +1 (503) 597-5535 (International).

| Dated: | April 29, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|---|
| | | */s/ Shane M. Reil* |
| | | Michael R. Nestor (No. 3526)<br>Matthew B. Lunn (No. 4119)<br>Shane M. Reil (No. 6195)<br>S. Alexander Faris (No. 6278)<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Emails: mnestor@ycst.com<br>mlunn@ycst.com<br>sreil@ycst.com<br>afaris@ycst.com |
| | | *Counsel to the Debtors and Debtors in Possession* |